# FILED

# UNITED STATES DISTRICT COURT

**NOV 5 2009**

**U.S. DISTRICT COURT**
**CLARKSBURG, WV 26301**

_____NORTHERN_____   District of   _____WEST VIRGINIA_____

| UNITED STATES OF AMERICA | **Judgment in a Criminal Case** |
|---|---|
| v. | (For **Revocation** of Probation or Supervised Release) |

MICHALLE GOULD

| Case No. | 1:02CR036-011 |
|---|---|
| USM No. | 04301-087 |

Brian J. Kornbrath
_____
Defendant's Attorney

**THE DEFENDANT:**

X   admitted guilt to violation of <u>Mandatory Cond. No.1, Standard Cond. No.7 and Spec. Cond. Nos. 2 and 3</u> of the term of supervision.

☐   was found in violation of _____ after denial of guilt.

The defendant is adjudicated guilty of these violations:

| <u>Violation Number</u> | <u>Nature of Violation</u> | <u>Violation Ended</u> |
|---|---|---|
| 1. Mandatory Cond. No.1 | Positive Drug Test for Cocaine | 10/01/2009 |
| 2. Stand. Cond. No. 7 | | |
| 3. Spec. Cond. No. 3 | Failure to Show for Drug Tests | 10/12/2009 |
| 4. Spec. Cond. No. 2 | Failure to Show for Mental Health Counseling Sessions | 09/10/2009 |

The defendant is sentenced as provided in pages 2 through ____6____ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐   The defendant has not violated condition(s) _____ and is discharged as to such violation(s) condition.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Last Four Digits of Defendant's Soc. Sec. No.: _____3454_____

Defendant's Year of Birth   _____1964_____

City and State of Defendant's Residence:
                    Morgantown, WV

_____November 4, 2009_____
Date of Imposition of Judgment

_____
Signature of Judge

_____Honorable Irene M. Keeley, U.S. District Judge_____
Name and Title of Judge

_____November 5, 2009_____
Date

DEFENDANT:     MICHALLE GOULD

CASE NUMBER:    1:02CR036-011

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:    6 months with credit for time served from October 19, 2009.

X   The court makes the following recommendations to the Bureau of Prisons:

   X   That the defendant be incarcerated at FPC Alderson, or in the alternative, at a facility as close to home in Morgantown, WV as possible.

     ☐   and at a facility where the defendant can participate in substance abuse treatment, including the 500-Hour Residential Drug Abuse Treatment Program, as determined by the Bureau of Prisons.

     X   That the defendant receive mental health treatment for her mental health diagnosis and be prescribed proper medication (See attached records from Chestnut Ridge Hospital).

   X   That the defendant be allowed to participate in any educational or vocational opportunities while incarcerated, as determined by the Bureau of Prisons.

☐   Pursuant to 42 U.S.C. § 14135A, the defendant shall submit to DNA collection while incarcerated in the Bureau of Prisons, or at the direction of the Probation Officer.

X   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

   ☐   at _____ ☐ a.m. ☐ p.m.   on _____ .

   ☐   as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐   before 2 p.m. on _____ .

   ☐   as notified by the United States Marshal.

   ☐   as notified by the Probation or Pretrial Services Office.

   ☐   on _____ , as directed by the United States Marshals Service.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

                                        UNITED STATES MARSHAL

         By _____

                             DEPUTY UNITED STATES MARSHAL

DEFENDANT:         MICHALLE GOULD
CASE NUMBER:       1:02CR036-011

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :          27 months

      The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court.

☐    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of
     future substance abuse. (Check, if applicable.)

☐    The above drug testing condition is suspended, based on the court's determination that this condition has been satisfied during
     a previous term of supervision. (Check, if applicable.)

X    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☐    The defendant shall cooperate in the collection of DNA as directed by the probation officer unless previously collected by the
     Bureau of Prisons. (Check, if applicable.)

☐    The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et.
     seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she
     resides, works, is a student, or was convicted of a qualifying offense. (Check, if applicable.)

☐    The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

      If this judgment imposes a fine or restitution, it is be a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

      The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1)    the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)    the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)    the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)    the defendant shall support his or her dependents and meet other family responsibilities;

5)    the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)    the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)    the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)    the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)    the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)   the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)   the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)   the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)   as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT:      MICHALLE GOULD
CASE NUMBER:    1:02CR036-011

# SPECIAL CONDITIONS OF SUPERVISION

1.  The defendant shall participate in a program of testing, counseling and treatment for the use of alcohol or drugs if so ordered by the Probation Officer.

2.  The defendant shall undergo a psychiatric evaluation and participate in a program of mental health treatment, as directed by the Probation Officer, until such time as the defendant is released from the program by the Probation Officer.

3.  The defendant shall be drug tested on a monthly basis during her term of supervised release.

4.  The defendant shall take her medication as prescribed.

| | Judgment — Page | 5 | of | 6 |

DEFENDANT:        MICHALLE GOULD
CASE NUMBER:      1:02CR036-011

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments set forth on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ | $ | $ |

☐   The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐   The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

   If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

   The victim's recovery is limited to the amount of their loss and the defendant's liability for restitution ceases if and when the victim receives full restitution.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

| **TOTALS** | $ _____ | $ _____ | |

☐   Restitution amount ordered pursuant to plea agreement   $ _____

☐   The defendant must pay interest on restitution or a fine more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☐   the interest requirement is waived for the   ☐ fine   ☐ restitution.

   ☐   the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT:      MICHALLE GOULD
CASE NUMBER:    1:02CR036-011

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A** ☐ Lump sum payment of $ _____ due immediately, balance due

     ☐ not later than _____ , or
     ☐ in accordance with ☐ C, ☐ D, ☐ E, ☐ F, or ☐ G below); or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, ☐ F, or ☐ G below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at this time; or

**F** ☐ Special instructions regarding the payment of criminal monetary penalties:

     Financial obligations ordered are to be paid while the defendant is incarcerated, and if payment is not completed during incarceration, it is to be completed by the end of the term of supervised release; or

**G** ☐ Special instructions regarding the payment of criminal monetary penalties:

     The defendant shall immediately begin making restitution and/or fine payments of $_____ per month, due on the first of each month. These payments shall be made during incarceration, and if necessary, during supervised release.

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to Clerk, U. S. District Court, Northern District of West Virginia, P.O. Box 1518, Elkins, WV 26241.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

     Restitution is to be paid joint and several with other related cases convicted in Docket Number(s): _____

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

     Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

**Author**           **Service**        **Author Type**    **Filed**            **Note Time**
Kavara Vaughn, MD    (none)             Resident           10/16/2009 1336      10/15/2009 0000
**Related Notes**
Original Note : Kavara Vaughn, MD at 10/15/2009 2119
**Transcription ID**                     **Transcription Status**
ES1232850-2                              Available
**Authorization Info**
Authorized by VAUGHN, KAVARA at 10/15/2009 2119
Authorized by BERRY, JAMES H at 10/16/2009 1336

CHESTNUT RIDGE
HOSPITAL
DISCHARGE
SUMMARY


PATIENT NAME: GOULD, MICHELLE D
HOSPITAL NUMBER:002442572
DATE OF BIRTH:01/01/1964

ADMISSION DATE:10/13/2009
DISCHARGE DATE:10/15/2009

DISCHARGE DIAGNOSES:
Axis I:  Cocaine dependence.
     Major depressive disorder, recurrent,
severe, without psychotic features.
     Panic disorder.
     Nicotine dependence.
     Rule out substance-induced mood disorder.
Axis II:  No diagnosis.
Axis III:  Dyslipidemia, gastroesophageal reflux
disease, hypertension, migraines.
Axis IV:  Multiple recent deaths in the family,
unemployment, difficulty in accessing treatment,
legal problems.
Axis V:  Global Assessment of Functioning:  60-
65.

DISCHARGE MEDICATIONS:
1.  Metoprolol 50 mg b.i.d.
2.  Hydrochlorothiazide 12.5 mg daily.
3.  Norvasc 10 mg daily.
4.  Desipramine 25 mg nightly.
5.  Nicotine patch 21 mg daily.

DISCHARGE INSTRUCTIONS:
A. Appointments:
1.  She will follow up on October 22, 2009, at
3:00 p.m. at Valley Health Care for an intake
with Jessica.
2.  She will follow up at Health Right on October

20, 2009, at 3:15 p.m. with Jack Torsney for
therapy.
3.  She will follow up at Health Right on October
21, 2009, some time between 1:00 pm  and 3:00
p.m. at the walk-in clinic for a medication
check.
4.  She will follow up at Health Right on
December 9, 2009, at 4:30 p.m. for a psych
evaluation.
B. Additional discharge instructions:
1.  She was advised to attend 90 AA and NA
meetings in 90 days.
2.  She was advised to abstain from all habit-
forming substances.


REASON FOR HOSPITALIZATION AND HOSPITAL COURSE:
The patient is a 45-year-old woman who was
referred to the dual diagnosis unit by her
counselor in Morgantown.  She presented secondary
to worsening depression and because she wanted
help with cocaine use.  In regards to depression
this had been getting worse for the last 3-4
months and had become unmanageable over the
previous 2 weeks.  She reported having suicidal
thoughts of overdosing and wanting to wreck her
car but did not have any intent or plan to carry
through with these things. In regards to the
suicidal ideation this resolved and she felt safe
to go on the day of discharge.  In regards to
cocaine use, she initially started using when she
was 32 years old.  As of late, her cocaine use
had been once a week for the last 2-3 months.
Her last cocaine use was 2 days prior to
admission.  She was released from jail in
December 2007, where she had spent 5 years
secondary to drug related legal charges.  She is
currently on probation.  She had had 2 dirty
urines lately.  For her cocaine dependence as
well as depression, she was placed on
desipramine.  She tolerated this well.  There is
some evidence to show the desipramine helps with
cocaine cravings.  She participated in groups
while on the unit and attended AA and NA
meetings.  On the day of discharge, she is stable
and is not suicidal or homicidal and is safe to
go.  She plans to go to stay with her mother and
says it will be a safe environment for her
discharge.

LABORATORY DATA:  CBC within normal limits.

Electrolytes within normal limits. Creatinine 0.85. Calcium 9.6. Blood alcohol level 0. HCG negative. Urine drug screen positive for cocaine. EKG showed nonspecific T-wave abnormalities. This was obtained in the Emergency Department. QTC was 446.

DISCHARGE MENTAL STATUS EXAMINATION: The patient is alert and fully oriented. She is pleasant and cooperative during the interview. She is dressed casually and appropriately. She is well groomed. Eye contact is fair. Mild psychomotor retardation. Speech is normal in rate and volume. Thought process is linear and goal directed. No suicidal or homicidal ideation, no hallucinations or delusions. Mood is depressed and affect is full and mood congruent. Memory is grossly intact. Concentration is adequate for conversation. Fund of knowledge is average. Thinking is abstract. Insight and judgment are fair.


Kavara Vaughn, MD
Resident
WVU Department of Behavioral Medicine

I saw and evaluated this patient and I agree with the findings and plan of care as documented in the resident note.

James H Berry, DO
Assistant Professor
WVU Department of Behavioral Medicine

KV/ejh/1232850;D: 10/15/2009 16:08:16; T: 10/15/2009 16:48:26


**Previous Note**  10/15/2009 2119 Discharge Summary By: Kavara Vaughn, MD